ROWE *v.* BAKER.

ESCROWS—PERFORMANCE OF CONDITION—THIRD PARTY CLAIMANTS.
   Money deposited in escrow with probation officer by defendant
   in criminal prosecution "as payment in part of the restitu-
   tion owing to" plaintiff from whom such defendant had mis-
   appropriated a much larger sum of money was properly
   ordered paid to plaintiff rather than defendant's father-in-
   law or a judgment creditor of defendant with neither of whom
   plaintiff had an agreement relating to the fund, or to de-
   fendant who was sentenced to prison rather than placed on
   probation and who claimed money was deposited with proba-
   tion officer' on condition defendant would be placed on pro-
   bation, since the only condition of the escrow agreement,
   namely, final disposition of the criminal prosecution, has been
   fulfilled.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 11, 1945. (Docket No. 80, Calendar No. 43,018.) Decided May 14, 1945.

Bill by Lynwood T. Rowe against Ralph E. Baker and Frank P. Finn, chief probation officer of the recorder's court of the city of Detroit, to have determination that funds in hands of chief probation officer belonged to plaintiff and for an injunction. Florence DeCoursey and Thomas Jeffers intervene. Cross bill of interpleader by defendant Finn against other parties. Decree for plaintiff. Intervening defendant Jeffers appeals. Intervening defendant DeCoursey cross-appeals. Affirmed.

*Howard C. Baldwin* and *Frank H. Boos,* for plaintiff.

*Tilden M. Gallagher,* for intervening defendant Jeffers.

Sharpe, J.    This is a suit in chancery to determine the ownership of a fund in the possession of Frank P. Finn, chief probation officer of the recorder's court of the city of Detroit.

It appears from the record that plaintiff, Lynwood T. Rowe, in civilian life was a professional baseball player, who formerly played with the Detroit Tigers.    In 1934, he became acquainted with defendant Ralph E. Baker, an attorney.    During the month of October, 1936, plaintiff purchased an annuity life insurance policy in the amount of $35,000, which provided for the payment of 10 annual premiums of $2,296 each.    The policy was delivered to Ralph E. Baker; and arrangements were made that annual premium notices were to be sent to Baker who was to notify plaintiff when each was due.    From 1936 to 1942 Rowe forwarded to Baker substantial sums of money for premium payments. In 1942, plaintiff learned that certain premiums had not been paid to the insurance company; and that Baker had misappropriated $10,000 of the money forwarded to him.    Upon failure of Baker to return this money, criminal prosecution followed.

Baker was arrested and pleaded guilty to a charge of larceny by conversion in the recorder's court of Detroit.    Prior to sentence, the probation department made an investigation and filed a presentence report with the trial court.    Baker left with the probation department a cashier's check in the sum of $4,592 made payable to Frank P. Finn.    A re-

ceipt was given Baker for this money, a copy of which reads as follows:

"December 9, 1943

"Received of Ralph Baker $4,592 as payment in part of the restitution owing to Lynwood Rowe who is the complaining witness in the criminal proceedings now pending against Mr. Baker in People v. Ralph Baker, Recorder's Court Docket No. A–33641.

"This money is to be held in escrow by Mr. Finn, until the final disposition of the aforementioned case.

"(Signed) Frank P. Finn."

Subsequently, Baker was sentenced to prison. Plaintiff did not receive the check and filed the instant suit against Baker and Finn, individually and in his official capacity. Defendant Baker filed an answer in which he asserts that the check was left with the probation officer with the distinct understanding that if he, Baker, did not receive probation the check was to be returned to him.

Frank P. Finn answered the bill of complaint and filed a cross bill of interpleader in the cause. He states that he has the money in his possession; that he is willing to pay the same into court; and that the check was delivered to him by Baker subject to the order of Baker.

Thomas H. Jeffers, the father-in-law of Baker, was permitted to intervene and by cross bill asserts that of the $4,592 cashier's check payable to Finn, the sum of $2,175 was loaned by Jeffers to his son-in-law Baker for the sole purpose of being used as a deposit to be disposed of by order of the recorder's court in the event that Baker was released on probation and restitution was ordered.

Florence J. DeCoursey was also permitted to intervene. She alleges in her cross bill that on March 22, 1938, she recovered a judgment against defendant Baker which has not been paid; and that the money in the possession of the probation department should be subjected to the payment of the debt of Baker to her.

The cause came on for hearing and the trial court filed an opinion in which he determined that the equities of the intervening defendant Jeffers and DeCoursey were subordinate to the equities of plaintiff Rowe. On June 30, 1944, an order was entered conforming to the findings of fact in the court's opinion.

Intervening defendant Jeffers has appealed and defendant DeCoursey has filed a cross appeal. Jeffers urges that the trial court was in error in not finding that the sum of $2,175 of the impounded money was his sole property; and that he loaned it to Baker on condition that Baker was to receive probation. Defendant DeCoursey urges that she is a judgment creditor and as such is entitled to share in the fund.

The record shows that plaintiff made no agreement relating to the fund with either Jeffers or DeCoursey, nor did he know that Jeffers loaned any money to Baker. The conditions under which Jeffers loaned this money to Baker has no part in the present proceedings. The record sustains a finding that the money was paid to the probation officer for a specific purpose, "as payment in part of the restitution owing to Lynwood Rowe," and was to be held until final disposition of the case. The only condition in the escrow agreement, namely, that the money be held until the final disposition of the case, has been fulfilled. The fund now belongs to plaintiff Rowe.

The decree of the chancery court is affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, BOYLES, and REID, JJ., concurred.